IN RE WILL OF AMANDA ETHERIDGE.

(Filed 29 September, 1948.)

**1. Wills § 6—**

It is not required that testator sign the will in the presence of the attesting witnesses. G. S., 31-3.

**2. Wills § 25: Appeal and Error § 39f—**

In this caveat proceeding the court charged the jury that it was necessary for testator to have signed the will in the presence of the attesting witnesses. *Held:* The instruction must be held for reversible error notwithstanding the court's instruction to answer the issue as to the formal execution of the will in the affirmative if the jury believed the evidence,

since the erroneous instruction may have influenced the jury in answering the issue in the negative.

PROPOUNDERS' appeal from *Bone, J.,* May Term, 1948, DARE Superior Court.

*Martin Kellogg, Jr., John H. Hall, and Ehringhaus & Ehringhaus for propounders, appellants.*

*W. A. Worth for caveator, appellee.*

SEAWELL, J.   Amanda Etheridge died in April, 1945, leaving a will which was probated in common form in Dare County, where she lived. Disappointed relatives in the line of inheritance caveated the will and it was propounded for probate in solemn form.   Four issues were submitted to the jury and answered as follows:

> "1. Was the paper writing, now offered for probate, bearing date of the 22nd day of March 1945, executed in manner and form as required by law?
> "Answer: No.
> "2. Was the execution of said paper writing procured by undue influence as alleged by the caveator?
> "Answer: Yes.
> "3. At the time of the execution of said paper writing did Amanda Etheridge have sufficient mental capacity to make a will?
> "Answer: No.
> "4. Is the said paper writing, and every part thereof, the last will and testament of Amanda Etheridge?
> "Answer: No."

Witnesses to the will, persons of unimpeached character, testified as to the formal execution of the will as required by law, their testimony amply tending to confirm that fact, and the trial judge instructed the jury that if they believed the evidence and found the facts to be as all the evidence tended to show they would answer the first issue "yes." But the jury answered it "no," and as above seen, answered all other issues against the will.

The negative answer, if allowed to stand, defeats the will.

However, the propounders, for the purpose of this appeal, have bracketed as objectionable the following instruction to the jury:

> "The law requires that a will of this kind be witnessed by two persons at the request of the testator, that it be signed by the testator in their presence, and that they sign it in her presence.   It is not

necessary to go any further into explanation of the law as to that or any further recital of the evidence."

In *Watson v. Hinson,* 162 N. C., 72, 77 S. E., 1089, it is said in substance, and quoting authority, that in order to be a valid will, that will should be signed by the testator or by some other person in his presence, or the signature should be acknowledged by the testator; and that it is not required that the testator sign in the presence of the witnesses. *In re Will of Bowling,* 150 N. C., 507, 64 S. E., 368.

While the judge directed the jury to answer the issue as to the execution of the will "yes,"—predicated on their belief of the evidence,—this did not withdraw from the jury the erroneous statement of the legal requirements under G. S., 31-3. And it may have entered into their consideration as the basis of their disbelief. As to this we cannot, of course, say; but the evidence should have been submitted to the jury with an exact statement of the law relating to the subject, particularly since the formal execution of the will was a matter in issue.

The propounders are entitled to a trial *de novo,* and it is so ordered.

New trial.